**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SCOTT A. KUEHN,

        Defendant.

Case No. 3:14-CR-30151-NJR-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Defendant Scott A. Kuehn's Motion for Reconsideration (Doc. 70). Kuehn asks the Court to reconsider its Order denying his motion to modify the terms of his supervised release pursuant to 18 U.S.C. § 3583(e)(2) because the motion was premature (Doc. 69).

On April 14, 2015, Kuehn pleaded guilty to knowingly distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), and knowingly possessing child pornography involving a prepubescent minor under age twelve, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Doc. 25). After concluding that a significant variance from the United States Sentencing Guidelines was warranted in this case, the Court sentenced Kuehn to 60 months' imprisonment on both counts, to run concurrently (Doc. 61). The Court also imposed a five-year term of supervised release, as well as $2,000 in restitution (*Id.*). Kuehn currently is scheduled to be released from the Bureau of Prisons on September 27, 2020.[1]

On October 19, 2018, Kuehn filed a motion requesting modification of his supervised release conditions pursuant to 18 U.S.C. § 3583 (Doc. 68). The undersigned denied Kuehn's

---

[1] *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited June 10, 2019).

motion as premature on November 7, 2018, noting that the Seventh Circuit Court of Appeals recommends district courts hold a hearing on such motions "on the eve" of a defendant's release from custody (Doc. 69). Because Kuehn's release date was just shy of two years away, the Court denied his motion as premature and instructed him to refile it immediately prior to his release (*Id.*).

Kuehn now asks the Court to reconsider the denial of his motion, arguing that he is eligible for and will likely receive six months of time at a halfway house. That would effectively make his reentry date March 30, 2020. While technically still under custody of the Bureau of Prisons, he argues, his presence at a non-secure facility would trigger many of his conditions of release including therapy, polygraphs, and registration as a sex offender. In support of his motion, Kuehn cites *United States v. Williams*, in which the Seventh Circuit stated it "would be reluctant to allow a judge to deem premature a request in the final year or two of imprisonment." *United States v. Williams*, 840 F.3d 865 (7th Cir. 2016).

Motions to reconsider are permitted in criminal cases and may be filed to allow district courts the opportunity to promptly correct errors. *United States v. Healy*, 376 U.S. 75, 77 (1964); *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). "The purpose of such a motion is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). A manifest error of law warranting relief "is not demonstrated by the disappointment of the losing party" and instead means "wholesale disregard, misapplication, or failure to recognize controlling precedent" by a district court. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Here, the Court does not find that it committed a manifest error of law when Kuehn's motion to modify the conditions of his release was filed just short of two years before his

scheduled release date. The Seventh Circuit has not set a firm deadline by which a Court must consider a motion to modify conditions of release, other than to express reluctance at allowing the district court to deny as premature a motion filed in the final "year or two" before release. And, on several occasions, the Seventh Circuit has approved of a district court's instruction to the defendant to refile the motion to modify three months before his release. *See, e.g.*, *United States v. Arojojoye*, 749 F. App'x 461, 463 (7th Cir. 2019), *cert. denied*, No. 18-8879, 2019 WL 1767023 (U.S. May 28, 2019) (affirming district court's denial of motion filed two years prior to release as premature and approving of its instruction to refile the motion three months before defendant's release date); *United States v. Hayes*, 672 F. App'x 589, 591 (7th Cir. 2016) (same).

Because the Court finds no manifest error of law, Kuehn's Motion for Reconsideration (Doc. 70) is **DENIED**. Kuehn may refile his motion to modify the terms of his supervised release three months before his release date. At that point, the Court will evaluate the motion and consider the need for a hearing with appointed counsel.

**IT IS SO ORDERED.**

**DATED:   June 12, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**